# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONATUS IRIELE,** | |
| Movant, | **CRIMINAL ACTION FILE** |
| | No. 1:12-CR-0276-SCJ-6 |
| v. | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE** |
| Respondent. | No. 1:22-CV-0088-SCJ |

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), Doc. No. [960] in which the Magistrate Judge recommends that Movant Donatus Iriele's 28 U.S.C. § 2255 motion to vacate, Doc. No. [929], be denied and that Movant be denied a certificate of appealability. Movant has filed his objections to the R&R, Doc. No. [966], the Government has filed its response to Movant's objections, Doc. No. [970], and Movant has filed a reply memorandum, Doc. No. [976]. Accordingly, this Court shall review the R&R in light of the parties' post-R&R arguments.

**I. Background**

The Magistrate Judge provided a comprehensive procedural history, *id.* at 2-8, which need not be entirely repeated here. Briefly, on March 24, 2017, Movant was convicted by a jury of this Court of ten counts related to his facilitation of a "pill-mill" operation and his efforts to launder the proceeds therefrom. Doc. No. [658]. Movant, along with his wife, participated in the operation of a pharmacy, Medical Center Pharmacy or MCP, which filled prescriptions for opioids and other drugs issued by physicians at the Atlanta Medical & Research Clinic or AMARC without a legitimate medical purpose or outside the usual course of professional practice. United States v. Iriele, 977 F.3d 1155, 1176 (11th Cir. 2020).

This Court imposed an aggregate sentence of 240 months incarceration. Doc. No. [710]. Movant appealed, and the Eleventh Circuit affirmed his convictions and sentences. Id. at 1185. Movant then filed the instant § 2255 motion. After requiring a response from the Government, the Magistrate Judge, without permitting Movant a hearing, reviewed Movant's claims and determined that Movant is not entitled to relief.

**II. Legal Standard**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S.

2

667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

At the outset, the Court points out that the objections filed by counsel for Movant are *eighty-three* pages long, and her request to exceed the twenty-five-page limit for objections,[1] appearing in a footnote in the objections themselves, see Doc. No. [966] at 1 n.2, is inadequate. A motion to exceed page limits must be filed separately and before the subject document, and the party seeking to exceed page limits must demonstrate good cause to do so, which Movant has not established. The Court further notes that counsel compounded her error by purporting to incorporate by

---

[1] This Court has held that the twenty-five-page limit set forth in L.R. 7.1(D) (N.D. Ga.) applies to objections to a magistrate judge's report. See, e.g., Wallace v. Georgia Power Co., No. 4:16-CV-118-HLM-WEJ, 2017 WL 4422355, at *1 (N.D. Ga. June 26, 2017) ("The Court applies the provisions of Local Rule 7.1(D) to Objections."); Daker v. Keaton, No. 1:16-CV-03745-SDG, 2023 WL 5529757, at *8 (N.D. Ga. Aug. 28, 2023); see also L.R. 72(E) (N.D. Ga.).

3

reference Movant's "original § 2255 motion and reply brief, his supplemental brief, and his response to the government's supplemental authority." Id. at 4. This Court has repeatedly held that parties may not incorporate by reference underlying briefs when filing objections to a magistrate judge's report. E.g., Gawlak v. Ward, No. 2:20-CV-0252-SCJ, 2022 WL 22328988, at *2 (N.D. Ga. Mar. 11, 2022); United States v. Beck, 1:19-CR-0184-MHC, 2019 WL 6769638, at *1 (N.D. Ga. Dec. 12, 2019); Hammonds v. Jackson, No. 13-CV-0711-MHS, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015).

With regard to the merits of his arguments, as discussed below Movant's objections tend to confuse and obfuscate the matters at issue and misrepresent the record as well as the Magistrate Judge's findings and conclusions. In fact, the Magistrate Judge performed a comprehensive analysis of Movant's claims, and this Court has found no fault in his ultimate determination that Movant is not entitled to relief.

Contrary to Movant's repeated contentions, the Magistrate Judge established that the Supreme Court's opinion in Ruan v. United States, 597 U.S. 450 (2022), is not relevant to this case and it does not represent a change in the controlling law. Ruan concerned the scienter requirement that the Government must prove when demonstrating that a *physician* violated 21 U.S.C. § 841. Prior to Ruan, the Eleventh Circuit applied the wrong standard, Doc. No. [960] at 14, such that some physicians

convicted of § 841 violations prior to Ruan in this Circuit may have a valid claim that the Government did not establish the statute's scienter element in their trial.

However, Movant was not a physician. He was a pharmacist,[2] and prior to Ruan the Eleventh Circuit applied the proper scienter requirement—the one mandated by Ruan—under § 841 for convicting pharmacists, and the Eleventh Circuit applied that correct standard in Movant's appeal. Iriele, 977 F.3d at 1169. As the Magistrate Judge made clear, Ruan is generally not relevant to this action, and it certainly does not represent a change in the controlling law as applied to Movant in this case. Doc. No. [960] at 18. In his objections, however, Movant mostly ignores that fact,[3] and repeatedly argues that, because Ruan represents a change in the controlling law, he has shown cause to overcome the default of his claims and that this Court must ignore the Eleventh Circuit's factual determinations on direct appeal.

---

[2] Technically, as a former pharmacist whose license was revoked after Movant pleaded guilty to multiple counts of illegally dispensing controlled substances in a prior case, Movant operated a pharmacy with his pharmacist wife.

[3] Movant objects to the Magistrate Judge's finding that Ruan has no bearing on this case by pointing to a Fifth Circuit case, United States v. Ferris, 52 F. 4th 235 (5th Cir. 2022), where the court applied Ruan's scienter requirement under § 841 to a pharmacist. Doc. No. [966] at 23. But the Magistrate Judge never stated that the Ruan *standard* did not apply to this case. Rather, the point is that prior to Ruan, the Eleventh Circuit applied that scienter standard to pharmacists such that Ruan merely affirmed the law that the Eleventh Circuit already applied, and Ruan itself did not change the law of this case and could not affect its outcome.

5

In response, this Court concludes that Movant has not shown that this Court must perform a de novo review of the evidence, Ruan did not change the law of this case, and the matters determined in Movant's appeal may not be re-litigated here. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); see United States v. Lynn, 385 F. App'x. 962, 965 (11th Cir. 2010). Accordingly, this Court may not disregard the Eleventh Circuit's factual determinations or its holding that the evidence against Movant was overwhelming, [4] such that any error committed by this Court in instructing the jury on the § 841(a) scienter requirement was harmless. Iriele, 977 F.3d at 1180.

---

[4] In any event, Movant's attempts to show that the evidence relied upon by the Magistrate Judge was unreliable, Doc. No. [966] at 8-14, are not convincing. In that discussion, Movant merely raises quibbles with various findings and ignores much of the inculpatory evidence presented at Movant's trial. For example, Movant contends that there was "no evidence" that Movant or his wife "ever set foot in AMARC." Id. at 8-9. But, as discussed below, an AMARC physician specifically testified that Movant's wife visited her at AMARC. Doc. No. [756] at 52. Similarly, Movant argues that "[t]he evidence does not support a claim that there was a 'prevalence of out of state patients' coming to MCP, Doc. No. [966] at 10, yet a law enforcement analyst testified that MCP filled thousands of out-of-state prescriptions for narcotics, Doc. No. [758] at 202. All of Movant's arguments about the reliability of the evidence fail for similar reasons. This Court further credits the Government's argument in response to Movant's contention that the evidence could not have been overwhelming because it took the jury so long to reach a verdict: "Three days of deliberation just as plausibly indicates that jury heeded the Court's instructions to carefully consider all the evidence on their own, rather than argument of counsel, and that the jury did exactly that." Doc. No. [970] at 9.

6

Moreover, Movant's argument that the Eleventh Circuit applied the incorrect scienter requirement because it relied on circumstantial evidence and objective criteria in determining that the Government had established the knowledge element of § 841 does not show that the Eleventh Circuit applied the wrong standard or that the Government did not establish knowledge.  As the Supreme Court held in Ruan "[t]he Government, of course, can prove knowledge of a lack of authorization through circumstantial evidence," and objective criteria can play a significant role in proving knowledge under the statute.  597 U.S. at 467 ("[T]he more unreasonable a defendant's asserted beliefs or misunderstandings are, especially as measured against objective criteria, the more likely the jury will find that the Government has carried its burden of proving knowledge.") (quotations, alterations, and quotations omitted)).

Movant further insists that he has presented "new evidence" as another reason to disregard the Eleventh Circuit's findings, but none of the evidence that he points to is new.  While some of it may not have been presented at Movant's trial, Movant and his counsel were certainly aware of it at the time.  For example, Movant expends significant argument regarding a police report that counsel failed to present in cross-examining one of the Government's witnesses, but Movant's counsel knew about the police report and Movant has not shown that the police report is relevant. During her testimony for the Government, Dr. Nevorn Askari, an AMARC physician who had

7

illegally prescribed opioid drugs, testified that at one point she was contacted by a pharmacy *other than MCP* and informed that someone had presented a forged prescription on one of her prescription forms. Doc. No. [756] at 51. She contacted the AMARC owner and told him that she wanted to call the police. Id. at 52. The owner told her not to call the police and called Movant's wife. Id. Movant's wife came to AMARC and convinced her not to call the police. Id.

Movant points out that his wife did, in fact, contact the police in relation to a forged prescription, but that incident related to a prescription that was presented at MCP. In other words, the police report that Movant now claims that his trial counsel should have used to impeach Askari's testimony was from an incident unrelated to the incident that Askari testified about. The import of Askari's testimony was that Movant's wife discouraged Askari from contacting the police, indicating that the operators of MCP and AMARC wanted to avoid possible police scrutiny into their activities. The fact that Movant's wife did contact police in relation to a forged prescription at MCP does nothing to disprove that she discouraged Askari from contacting police in relation to a forged prescription at a different pharmacy, and "evidence of noncriminal conduct to negate the inference of criminal conduct is

8

generally irrelevant," United States v. Dobbs, 506 F.2d 445, 447 (5th Cir. 1975), such that the police report would not have been admissible.[5]

Moreover, the "new evidence" that Movant points to in his objections is not new under the standard for demonstrating actual innocence or a miscarriage of justice under Schlup v. Delo, 513 U.S. 298, 324 (1995). Evidence is not new if the criminal defendant knew about it at the time of trial but chose not to present it, Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1018 n.21 (11th Cir. 2012), and much of the evidence that Movant points to in his objections, Doc. No. [966] at 21-22, he either knew about or had ready access to at the time of the trial.[6]

Movant's arguments related to the sufficiency of the indictment also fail. At the outset, Movant has not shown that the Magistrate Judge erred in holding that the claims are defaulted, and Movant has not demonstrated cause and prejudice to excuse the default. The claims also fail on their merits. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense

---

[5] To the degree that Askari could have been cross-examined about the police report to impeach her testimony, this Court is not convinced that the jury would have been swayed thereby. As noted, Askari's testimony showed that, at least on one occasion, Movant's wife sought to avoid police scrutiny. That she did not want to avoid police scrutiny on other occasions does not significantly reduce the impact of that testimony.

[6] The evidence that Movant might not have had access to, such as the ARCOS data discussed below, was not sufficiently material to lead this Court to question the outcome of his trial.

charged." Fed. R. Crim. P. 7(c)(1). An indictment is subject to dismissal for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (quotation marks omitted). "The sufficiency of a criminal indictment is determined from its face." United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004). In order to avoid dismissal, the charging document "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).

Contrary to Movant's argument, the Court concludes that the indictment adequately addressed scienter. In Count Two through Four, the indictment states that Movant "did knowingly and intentionally distribute and dispense, and aid and abet the distribution and dispensing of, . . . controlled substances, by causing prescriptions to be . . . filled for . . . controlled substances, outside the course of professional medical practice and for other than a legitimate medical purpose." Doc. No. [146] at 11. If the Supreme Court in Ruan could read § 841(a) and conclude that the knowing and intentional scienter requirement applies to the "except as authorized" clause

10

preceding that scienter requirement, this Court must read the indictment to apply the knowing and intentional scienter element to the entirety of the actions listed thereafter.  See United States v. Henson, No. 16-10018-JWB, 2024 WL 81201, at *3 (D. Kan. Jan. 5, 2024) (approving materially identical indictment language in a § 841(a) prosecution of a physician, his assistant, and a pharmacist); see also United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987) (noting that the allegations of an indictment are "viewed in the light most favorable to the government").

Movant's argument that his trial counsel was ineffective in failing to challenge the Court's jury instructions and that, as a result, the Eleventh Circuit reviewed the claim under the plain error standard rather than for an abuse of discretion, cannot entitle him to relief.  The prejudice prong of Strickland v. Washington, 466 U.S. 668, 687 (1984), see Doc. No. [960] at 19-20 (discussing the standard for evaluating claims of ineffective assistance of counsel), under which Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland, 466 U.S. at 694, is identical to the third prong of plain error review where the criminal defendant must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different," Molina-Martinez v. United States, 578 U.S. 189, 194 (2016) (quotation and citation omitted).  This Court is bound by the Eleventh Circuit's determination that

11

Movant has not shown a reasonable probability that this Court's erroneous jury instruction regarding the § 841(a) charges was "probably responsible for an incorrect verdict." Iriele, 977 F.3d at 1180. As a result, this Court cannot find that Movant suffered prejudice for his counsel's failure to object to that instruction.

Regarding Movant's claims that his trial counsel was ineffective for failing to request (1) address data from the government's Automation of Reports and Consolidated Orders System ("ARCOS") pharmacy dispensation records and (2) dispensing records subpoenaed by the government for the nearby CVS and Publix pharmacies to counter the government's statistical comparator evidence presented at trial, his objections are unconvincing. Notably, the Magistrate Judge discussed the substantial and overwhelming evidence of Movant's guilt in determining that Movant could not demonstrate prejudice under Strickland, and Movant's arguments in his objections fail to address that determination. Instead, Movant asserts only that, armed with the ARCOS and CVS/Publix pharmacy information, his trial counsel could have countered some of the statistical evidence that the Government presented about the vast amount of controlled substances that MCP sold. This Court agrees with the Magistrate Judge that, even if Movant's trial counsel had countered some of the Government's statistical evidence, it nonetheless would have been obvious to the jury that MCP sold an unusually high number of controlled substances, and, in addition to

12

the statistical evidence, the Government presented other overwhelming evidence of Movant's guilt. See Doc. No. [960] at 27-29 ("Movant's evidence that other pharmacies near pain clinics also dispensed large quantities of controlled substances and that other pharmacies filled AMARC prescriptions does not refute the aforementioned 'mountain' of circumstantial evidence that Movant knew that AMARC's prescriptions were medically illegitimate.").[7]

Movant's next objections, regarding his counsel's failure to object to undercover video footage of operations at the AMARC clinic and to the testimony of an expert pain management physician, also fail. As the Magistrate Judge determined, the illegitimacy of the prescriptions written by AMARC physicians was obviously in issue, and the video, which showed the rundown AMARC clinic populated by apparent drug addicts, as well as the testimony of the physician, were clearly relevant and admissible to demonstrate that AMARC was a slipshod operation issuing prescriptions well-outside the confines of acceptable medical practice.

Petitioner's claims regarding the Courts instructions on the conspiracy and money laundering counts are unavailing because the Eleventh Circuit reviewed and

---

[7] For the same reasons, Movant cannot establish that he is entitled to relief under Brady v. Maryland, 373 U.S. 83 (1963), for the Government's failure to turn over the ARCOS and CVS/Publix records as he is not able to demonstrate materiality. See Doc. No. [960] at 43.

approved those instructions in affirming Movant's convictions. Iriele, 977 F.3d at 1181-85. As noted above, this Court is bound by the Eleventh Circuit's determinations on direct appeal.

This Court agrees with the Magistrate Judge that Movant has not established that the eight prosecutorial statements that he complains of rendered his trial fundamentally unfair. In objecting to that determination, Movant simply repeats his arguments that he is entitled to relief. See Chester v. Bank of Am., N.A., 1:11 CV 1562 MHS, 2012 WL 13009233, at *1 (N.D. Ga. Mar. 29, 2012) ("[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object."). He has not shown that the Magistrate Judge erred.

Finally, the remainder of Movant's objections are conclusory and fail to demonstrate legal or factual error in the R&R. In summary, this Court concludes that Movant has failed to demonstrate that the Magistrate Judge erred in recommending that the § 2255 motion be dismissed or in refusing to grant a hearing.

**IV. Conclusion**

For the reasons stated, Movant's objections, Doc. No. [966] are **OVERRULED**, the R&R, Doc. No. [960], is **ADOPTED** as the order of the Court, and the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [929] is **DENIED**.

The Court further agrees with the Magistrate Judge that Petitioner has not met the standard of 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED** this 10th day of June, 2024.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**